```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

CYNTHIA BRADDOCK,              )
                               )
    Plaintiff,                 )
                               )
v.                             )    No. 05-2245 Ma/P
                               )
BABCOCK & WILCOX               )
CONSTRUCTION COMPANY, INC.,    )
                               )
    Defendant.                 )
_____

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

Defendant Babcock & Wilcox Construction Company., Inc.("B&W") filed a motion for summary judgment on December 20, 2005, to which Plaintiff Cynthia Braddock ("Braddock") replied on January 5, 2006.

**I. Background**

This action arises from an on-the-job injury suffered by Braddock when she was employed by Performance Abatement Services, Inc. ("PAS"). PAS had been hired by B & W to remove asbestos from a construction site. B & W contends that it is entitled to summary judgment because it is a statutory employer, protected by the Tennessee Workers' Compensation Law and immune from suit pursuant to Tenn. Code Ann. §§ 50-6-114 and 50-6-108.

**II. Jurisdiction**

Braddock is an adult citizen and resident of Memphis, Tennessee. B&W is a Delaware corporation with its principal place of business in Ohio. The amount in controversy exceeds $75,000.

This court, therefore, has diversity jurisdiction under 28 U.S.C. § 1332.

### III. Summary Judgment Standard

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden, however, by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some meta-physical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

**IV. Choice of Law**

A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply.

For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). The injury occurred in Tennessee, and both parties assume that Tennessee law applies. No party alleges that another state has a more significant

relationship to the litigation. Therefore, the court will apply Tennessee law.

**V. Analysis**

B & W argues that Braddock was its statutory employee at the time of her injury and that, under the Tennessee Workers' Compensation Law, it is immune suit. See Tenn. Code Ann. §§ 50-6-113 and 50-6-108.

The responsibility for workers' compensation benefits is expanded in Tenn. Code Ann. § 50-6-113 to principal and intermediate contractors and subcontractors. That section provides, in pertinent part, as follows:

> Liability of principal, intermediate contractor or subcontractor. -(a) A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal, intermediate contractor, or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer.
>
> (b) Any principal, or intermediate contractor, or subcontractor who pays compensation under the foregoing provisions may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.
>
> (c) Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's rights to recover compensation under this chapter from the principal or intermediate contractor; provided, that the collection of full compensation from one (1) employer shall bar recovery by the employee against any others, nor shall the employee collect from all a total compensation in excess of the amount for which any of said contractors is liable.
>
> (d) This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal

4

> contractor has undertaken to execute work or which are otherwise under the principal contractor's control or management.

Section 50-6-108 states in pertinent part:

> The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully employed, shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

B & W argues that Tennessee law is clear and that a general contractor is a statutory employer and is not liable in a common-law action based on negligence because the employee's remedy under the Workers' Compensation Law is exclusive. Therefore, B & W contends that the exclusion of "all other rights and remedies" of the Plaintiff, under § 50-6-108, operates to the exclusion of any remedy against B & W. (Mtn. for Summ. J. at 2.) Braddock argues that B&W's contract with PAS establishes that PAS was an independent contractor. Therefore, Braddock contends that B & W is a third party for purposes of the Workers' Compensation Law, and her cause of action is not barred. (Resp. to Mtn. for Summ. J. at 3.)

The basis of liability under the Workers' Compensation Law is the employer/employee relationship. In analyzing whether a relationship is that of employer/employee or independent contractor, the court in <u>Stratton v. United Inter-Mountain Telephone Company</u>, 695 S.W.2d 947 (Tenn. 1985), established the following factors: (1) right to control the conduct of work; (2)

right of termination; (3) method of payment; (4) whether the alleged employee furnishes his own helpers; (5) whether the alleged employee furnishes his own tools; and (6) whether one is doing "work for another." The court held that, although no single factor is dispositive, the importance of the right to control the conduct of the work has been repeatedly emphasized, citing Carver v. Sparta Electric System, 690 SW2d 218 (Tenn. 1985) and Wooten Transports, Inc., v. Hunter, 535 S.W.2d 858 (Tenn. 1976).

More recently, courts have refined the test of what constitutes an independent contractor to emphasize two factors: (1) whether the work being performed by the contractor in question is the same type of work usually performed by the company or as part of the regular business of the company, and (2) whether the company "defendant" has a right to control employees of the contractor. See Slaughter v. Duck River, 102 S.W.3d 612, 619 (Tenn. Ct. App. 2002); Barber v. Ralston Purina 825 S.W.2d 96 (Tenn.Ct.App.1991). A company or other business is considered a principal contractor/statutory employer if the work being performed by a subcontractor's employees is the same type of work usually performed by the company's employees and/or the principal retains right of control over the conduct of the work and over the employees of the subcontractor. Murray v. Goodyear Tire & Rubber Co., 46 S.W.3d 171 (Tenn. 2001).

Paragraph 3 of the Conditions of Sub-Contract for Works of Construction/Erection, Form U, states as follows:

"Seller (PAS) represents that it is fully experienced and

6

properly qualified to perform the work provided forth herein, and that it is properly licensed, equipped, organized and financed to perform such Work.  Seller shall act as an **independent contractor** and not as the agent of buyer or the owner on whose premises the work is to be performed maintaining **complete control** over its employees and all of its sub-contractors. Nothing contained in the sub-contract or any sub-contracts or purchase orders awarded/placed by Seller shall create any contractual relationship between any such sub-contractor and either buyer or owner.  Seller shall perform all work in accordance with its own methods subject to compliance with the sub-contract.  (Emphasis added).

Conditions of Sub-Contract, Ex. A, Mtn for Summ. J., pg 2.

Also relevant is the Purchase Order agreement which states as follows:

Seller agrees to furnish and provide all necessary material supervision, labor, equipment, tools and whatsoever else may be required to fully perform and complete, without exception (unless specific exclusions are noted in this subcontract) in a neat, first-class, good and workman-like manner, the following described work..."

Purchase Order Agreement, Ex A, Mtn for Summ. J., pg 2.

Based on the facts before the court, B & W is a construction company that does not regularly handle the removal of asbestos. The language of the contract between B & W and PAS clearly states that B & W did not have the right to control PAS' employees and that PAS was responsible for providing all of the equipment and tools necessary to complete the job.  Therefore, under the analysis established by the Tennessee courts, B & W is a third-party independent contractor for purposes of the Workers' Compensation Law and is not a statutory employer.

**VI. Conclusion**

B & W's motion for summary judgment is DENIED.  B & W is a third-party independent contractor for purposes of the Workers'

7

Compensation Law and not a statutory employer. Therefore, Braddock's cause of action is not barred.

So ORDERED this 31st day of May 2006.

```
                              _____
                              s/ SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE
```